UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TEXAS

**FILED**

MAY 1 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| DANIEL J. POST, INDIVIDUALLY | ) |
| And | ) IN QUI TAM |
| ON BEHALF OF COMAL COUNTY, TEXAS | ) |
| | ) **SA18CA0469FB** |
| PLAINTIFFS, | ) Case No. _____ |
| v. | ) |
| COMAL COUNTY, TEXAS | ) |
| MCCREARY, VESELKA, BRAGG, AND ALLEN, P.C. | ) |
| And | ) |
| DEFENDANTS. | ) |

COMPLAINT

Comes now your Plaintiff, Daniel J. Post, and for Complaint, says and avers the following:

PARTIES

1.  Your Plaintiff, Daniel J. Post, is a resident and taxpayer of Garden Ridge, Comal County, Texas.  (Mr. POST).

2.  Comal County, Texas is the political division at issue in this matter with principal offices located at 100 Main Plaza, New Braunfels, Texas  78130. (COMAL COUNTY).

3.  The Defendants, McCreary, Veselka, Bragg and Allen, P. C. is a professional corporation with principal offices located at 700 Jeffrey Way, Round Rock, Texas  78665.  (LAW FIRM).

4. Gilbert Bragg is a lawyer employed with LAW FIRM and to MR. POST'S knowledge is admitted to practice law in the State of Texas and is a member in good standing of the Texas Bar.

## STANDING

5. MR. POST asserts standing to sue as an aggrieved party, taxpayer standing and *QUI TAM* standing as established in law.

## FACTS

6. Mr. Post attempted to obtain contract documents from Defendant Bragg. Mr. Bragg failed to acknowledge Mr. Post's attempts and furnished no documents of any sort. Mr. Bragg's silence and refusal to discuss Mr. Post's taxes (although Mr. Post informed Mr. Bragg that Mr. Post was ready, willing and able to pay the taxes in full upon discussion with Mr. Bragg. Mr. Post pursued the only avenue available to him to obtain the documents, an Open Records Request.

7. Pursuant to an Open Records Request filed with the Purchasing Department of Comal County, Texas and forwarded to the Comal County District Attorney, MR. POST obtained the following documents (copies of which are attached hereto and incorporated by reference herein:

   a. Cover letter from Legal Assistant Stephanie Walker dated April 9, 2018:

   b. Resolution to Impose Additional Fees for Collection Costs dated March 25, 2004;

   c. Amended Contract for the Collection of Delinquent Court Fines and Fees Assed by the District, County and Justice Courts of County of Comal, Texas dated March 25, 2004. Section VII declares that the initial term of the

contract is two (2) years and thereafter shall continue on a month-to-month basis; and

    d.  Contract for the Collection of Delinquent Property Taxes dated March 25, 2004 (note that the third page of this Contract uses a font easily distinguishable from that found on the first two pages). Section VII of this contract declares the contract effective for an initial period beginning April 1, 2004 and ending on March 31, 2005 continuing thereafter in full force and effect on a year-to-year basis.

8.   The Comal County District Attorney's Office provided additional documents upon a second Open Records Request delivered to the District Clerk's Office on April 18, 2018. Copies of the these records are attached hereto and incorporated by reference herein:

    a.  Cover letter from Legal Assistant Stephanie Walker dated April 27, 2018;

    b.  Contract for the Collection of Taxes dated April 10, 1985. Section VII says that this contract is on a year-to-year basis;

    c.  Correspondence from Jack McCreary, Esq. dated November 2, 1984; and

    d.  Resolution to Engage Counsel for Collection of Delinquent Taxes and Assessing 15% Surcharge for Collection of Taxes dated May 9, 1983.

9.   From the documents described in paragraphs numbered 7 and 8, *supra*, the LAW FIRM has enjoyed two (2) relationships with Comal County, Texas dating back to 1983. The contracts, with different but similar terms, renew automatically without provision for public notice of the initial contracts; public input; public opportunity to bid on providing similar legal services to Comal County, Texas; and public notice of the award of the initial contract and public notice of each renewal (annual and monthly). The contracts

are held in such secrecy that Mr. Bragg refused to provide copies forcing the unnecessary step of Open Records Requests.

10. The two (2) contracts between LAW FIRM and Comal County, Texas have variously existed are known In the law as Evergreen Contracts, a term of art for contracts that renew automatically unless and until one party advises the other in a timely fashion of desire to terminate the contracts. The contracts are contingent fee agreements where THE FIRM receives payment based on a percentage of the amounts recovered via collection efforts. The contracts have variously existed and the contractual relationship between the parties existed since 1983.

11. Comal County Purchasing Policy states that county purchasing is controlled, *inter alia*, by state law.

12. Texas Government Code section 2254 applies to county purchasing, and by reference to services purchased by Comal County, Texas.

13. SUBCHAPTER C. CONTINGENT FEE CONTRACT FOR LEGAL SERVICES requires that (Sec. 2254.103. CONTRACT APPROVAL;) SIGNATURE.

(d) Before approving the contract, the governing body, elected or appointed officer, or governor, as appropriate, must find that:

(1) there is a substantial need for the legal services;

(2) the legal services cannot be adequately performed by the attorneys and supporting personnel of the state governmental entity or by the attorneys and supporting personnel of another state governmental entity; and

(3) the legal services cannot reasonably be obtained from attorneys in private practice under a contract providing only for the payment of hourly fees, without regard to the

outcome of the matter, because of the nature of the matter for which the services will

be obtained or because the state governmental entity does not have appropriated funds

available to pay the estimated amounts required under a contract providing only for the

payment of hourly fees.

14.   Included in the documents obtained from the Comal County District Attorney's

Office are resolutions are the relevant Commissioners Court Resolutions granting authority to

enter the contracts.   NONE of the Resolutions contain the required findings by the

Commissioners Court.

15.   Without those findings at the beginning of each contract and upon renewal

(monthly or annually) the contracts are void by law.  The statute clearly states such contracts

may be entered "...only if..." as referenced in paragraph 14, *supra*.

16.   Each of the contracts are void from inception.  Payments of public funds under a

void contract is theft under Texas Penal Code Title 7, Chapter 31, Offenses Against Property.

17.   Mr. Bragg and LAW FIRM are active members of the Texas State Bar and assumed to

know the special knowledge of Texas law, including but not limited to the knowledge of the

legal requirements to contract with a governmental entity aka Comal County, Texas.

18.   Knowing the law as Mr. Bragg and LAW FIRM are assumed to know, they are acting

intentionally in violation of the law when they entered the contracts without the required

findings of state law.

19.   The contracts have been in effect for approximately thirty-five (35) years without

the required resolutions, even upon the amendments made in 2004.

20.  Failure to follow the law and review the contracts for the required resolutions effectively bars anyone else including members of protected classes from participating in the Comal County, Texas contracts enjoyed by THE FIRM for thirty-five (35) years and violates the Equal Protection Clause of the United States Constitution.

21.  Despite the language of the contracts, the parties have continuously engaged in a relationship that establishes a monopoly situation where any professionals but members of THE FIRM can enjoy the fruits of public funds.

22.  As a result, the citizens of Comal County have suffered irreparable harm in the misappropriation of public funds (payment under a void contract) to THE FIRM and Mr. Bragg.

FIRST CLAIM

The Comal County Commissioners Court has continuously failed from the beginning of both of these contracts to make the requisite findings described above.  As such, the contracts are void from inception.  Any and all payments made under the void contracts must be returned to the County as misappropriation of public funds.  The claim for return of the payments is made on *Qui Tam* standing entitling Mr. Post to fifteen (15) to thirty (30) percent of the total payments made to THE FIRM as a result of the unlawful and void by law contracts.

SECOND CLAIM

In operation and effect, both contracts systematically exclude anyone else including minorities and protected classes from participating and receiving the fruits of the relationship. This systematic exclusion constitutes denial of the constitutional right of equal protection under color of state law so is in violation of applicable provisions of 42 USC 1983.  Damages are calculable as the payments made under the void contracts and are trebled per the statute.

DAMAGES

1.  The taxpayers, and citizens of Comal County, Texas have suffered irreparable harm to an as yet undetermined degree. (NOTE: Comal County, Texas has yet to acknowledge an Open Records Request for payments made to paid by THE FIRM. Mr. Post handed the Open Records Request to Comal County Commissioners Court Judge Krause on May 7, 2018). A copy of any Open Records Request hand delivered to Judge Sherman Krause is attached hereto and incorporated by reference herein.

2.  Injunctive relief preventing THE FIRM and Mr. Bragg from continuing to represent Comal County, Texas; and

3.  Any and all other relief as this Court may deem appropriate.

i.

Daniel J. Post, *pro se*
22016 Deer Canyon Drive
Garden Ridge, Texas  78266
210.844.8025

FIRST OPEN RECORDS REQUEST

Open Records Request

Please provide copies of any and all written contracts (memorandum of contract, etc) between Comal County, Texas (including but not limited to the Comal County Tax Office) and the Law Firm of McCreary, Veselka, Bragg and Allen, P.C.; Gilbert Bragg, Esq.; and any and all other written contracts between Comal County, Texas and members of the Law Firm of McCreary, Veselka, Bragg and Allen, P.C.

This request is made pursuant to the Texas Open Records Act, and other pertinent statutes also known as the Texas Public Information Act.

April 5, 2018

Daniel L. Post
22016 Deer Canyon Drive
Garden Ridge, TX  78266
210 844 8025

| | | |
|---|---|---|
| Tiffany N. Leal<br>Chief Civil Prosecutor<br><br>Sammy M. McCrary<br>Chief Felony Prosecutor<br><br>Clayten H. Hearrell<br>Chief Misdemeanor<br>Prosecutor |  | **Assistant District Attorneys**<br>**Allison Buess**<br>**Lauren Cole**<br>**Jessica Devaney**<br>**Shelby Griffin**<br>**Robyn Katz**<br>**Lance Kennedy**<br>**Kiera Kilday**<br>**Alli Assiter**<br>**Rose Latham**<br>**Daniel Palmitier**<br>**Joshua D. Presley**<br>**Tillman Roots**<br>**Holly Weatherford**<br>**Abigail Whitaker** |

**JENNIFER THARP**
**Comal County Criminal District Attorney**

April 9, 2018

**Via Email**
Mr. Daniel Post
bestlawyer.mac.com

> **Re: Open Records request pertaining to any and all written contracts between Comal County,**
> **Texas and the Law Firm of McCreary, Veselka, Bragg and Allen, P.C.**
> **CDA File#: 180R-045**

Dear Mr. Post:

Our office, the Comal County Criminal District Attorney's Office prosecutes criminal cases for the County of Comal, provides legal representation for civil matters pertaining to Comal County, and represents Comal County elected officials and employees in their official capacity. On April 5, 2018, the Comal County Purchasing Director received your written request for information.

Per our telephone conversation today, you agreed to accept the information via email as not to incur charges for copies. Attached herewith find the information responsive to your request for information. This request is now considered closed.

Sincerely,

Stephanie Walker
Legal Assistant, Civil Division

Attachments:

**RESOLUTION** 2004-12

**TO**

## IMPOSE ADDITIONAL FEE FOR COLLECTION COSTS

WHEREAS, the County of Comal, Texas has entered into a contract with a private attorney to provide legal services related to the collection of debts and accounts receivable including, unpaid court fines, fees, court costs, forfeited bonds, and restitution and other amounts in accordance with Article 103.0031, Texas Code of Criminal Procedure ("Fines and Fees"); and,

WHEREAS, Article 103.0031, Texas Code of Criminal Procedure, authorizes the governing body of a county that contracts with a private attorney for the collection of Fines and Fees to impose an additional collection fee in the amount of thirty percent on each Fine and Fee that is more than sixty days past due and has been referred to the attorney for collection; and,

WHEREAS, the Commissioner's Court of the County of Comal, Texas has determined that it is in the public interests to insure the prompt payment of delinquent Fines and Fees, as provided by Article 103.0031, Texas Code of Criminal Procedure,

NOW THEREFORE, BE IT RESOLVED BY THE COMMISSIONER'S COURT OF THE COUNTY OF COMAL, TEXAS THAT:

In accordance with Article 103.0031, Texas Code of Criminal Procedure, there shall be imposed on all debts and accounts receivable including, unpaid court fines, fees, court costs, forfeited bonds, and restitution and other amounts in accordance with Article 103.0031, Texas Code of Criminal Procedure that are more than sixty days past due and have been referred to an attorney a collection fee of thirty percent of each debt or account.

RESOLVED THIS __25th__ DAY OF _____March_____, 2004.

_(signature)_
Danny Scheel, County Judge

ATTEST:

_(signature)_
County Clerk

**AMENDED CONTRACT FOR THE**
**COLLECTION OF DELINQUENT COURT FINES AND FEES**
**ASSESSED BY THE DISTRICT, COUNTY AND JUSTICE COURTS**
**Of**
**COUNTY OF COMAL, TEXAS**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF COMAL** | § |

WHEREAS, on the 23[th] day of May, 2002, the County of Comal, Texas, (the "County") and McCreary, Veselka, Bragg & Allen, P.C. ("MVBA"), entered into a Contract for the Collection of Court Fines and Fees Assessed by the District, County and Justice Courts; and,

WHEREAS, both the County, acting herein by and through its governing body, and MVBA desire to amend the Contract in accordance with recent changes to Article 103.0031, Texas Code of Criminal Procedure,

NOW, THEREFORE, for and in consideration of the sums set out below, it is mutually agreed by and between the parties hereto that the Contract is amended to include the following:

**I.**

The County agrees to employ and does hereby employ MVBA to provide legal services related to the enforcement of the collection of delinquent District, County and Justice Courts debt and accounts receivable including: fines, fees, court costs, forfeited bonds, restitution and other amounts in accordance with Article 103.0031, Texas Code of Criminal Procedure ("Fines and Fees") pursuant to the terms and conditions in this contract.

**II.**

For purposes of this contract all Fines and Fees shall be referred to MVBA when determined to be delinquent as provided for in Article 103.0031, Code of Criminal Procedure.  At least once each month on a date or dates agreed upon by the parties, the County will provide MVBA with copies of, or access to, the information and documentation necessary to collect the delinquent fines and fees that are subject to this contract.  Whenever feasible, the County shall furnish the information to MVBA by electronic transmission or magnetic medium. The County shall be responsible for the receipting of the payment of all fines and fees collected pursuant to this contract whether received directly from the defendant or from MVBA.

**III.**

MVBA shall forward all cashier checks or money order payments made payable to the County and any correspondence from defendants directly to the County. Cashier checks or money order payments made payable to MVBA will be deposited daily into the MVBA Trust Account. MVBA may also collect the amount due from the defendant by credit card or electronic check which is deposited directly into the MVBA Trust Account. MVBA shall remit to the appropriate courts all payments received into the MVBA Trust Account, bi-monthly, along with appropriate documentation to facilitate processing of the payments by the courts. MVBA will invoice monthly for paid cases and will include a statement of the fees due the Firm.

## IV.

MVBA shall indemnify and hold the County harmless from and against all liabilities, losses and/or costs arising from claims for damages, or suits for losses or damages, including reasonable costs and attorney's fees, which may arise as a result of MVBA's performance of the services described in this contract. The indemnity provision of this contract shall have no application to any claim or demand which results from the sole negligence or fault of the County, its officers, agents, employees or contractors. And furthermore, in the event of joint and/or shared negligence or fault of the County and MVBA, responsibility and indemnity, if any, shall be apportioned in accordance with Texas law and without waiving any defenses of either party. The provisions of this paragraph are intended for the sole benefit of the parties hereto and are not intended to create or grant any right, contractual or otherwise, to any other persons or entities.

## V.

For the collection of Fines and Fees, the County agrees to pay to MVBA, as compensation for the professional services rendered the following fees:

1. For those Fines and Fees imposed against Unadjudicated Offenses that occurred before June 18, 2003, a fee of twenty percent (20%) of the amount of collected by the Court on those cases in which the data files are transmitted to MVBA by electronic media; or, a fee of thirty percent (30%) of the amounts collected by the Court in which the case files are not transmitted by electronic media.
2. For those Fines and Fees imposed against Adjudicated Offenses regardless of the date of the offense, and against Unadjudicated Offenses that occurred on or after June 18, 2003, a fee of thirty percent (30%) of the amount of the Fines and Fees collected by the County, excluding the thirty percent (30%) collection fee provided by Article 103.0031 of the Code of Criminal Procedure.

All compensation shall become the property of MVBA at the time of payment. The County shall pay to MVBA said compensation on a monthly basis by check.

## VI.

MVBA reserves the right to return to the appropriate court all accounts not collected within one (1) year of referral by the County, or identified as being in bankruptcy. Upon return of these accounts, neither party will have any obligation to the other party to this contract.

## VII.

The initial term of this contract is two years, beginning on the date this contact is executed by the parties hereto, and shall thereafter continue on a month-to-month basis. Either party may, without cause, terminate this contract at the end of the initial contract term or thereafter by giving the other party written "Notice of Termination of Contract" at least thirty (30) days prior to the intended termination date.

In the event that the County terminates this contract, MVBA shall be entitled to continue its collection activity on all accounts previously referred to MVBA for six (6) months from the date of receipt of the "Notice of Termination of Contract" and to payment of its fee, pursuant to Paragraph V. of

this contract for all amounts collected on accounts referred to MVBA. The County may, but is not required; to refer additional accounts to MVBA after notice of termination has been received by MVBA. At the end of the six (6) month period, all accounts shall be returned to the County by MVBA.

## VIII.

For purposes of sending notice under the terms of this contract, all notices from the County shall be sent to MVBA by certified United States mail, McCreary, Veselka, Bragg & Allen, P.C., Attention Harvey M. Allen, P. O. Box 26990, Austin, Texas 78755-0990, or delivered by hand or by courier, and addressed to: 5929 Balcones Drive, Suite 200, Austin, Texas 78731, and all notices to the County shall be sent by certified United States mail to County of Comal, Attention: County Judge, 199 Main Plaza New Braunfels, Texas 78130 or delivered by hand or courier, and addressed to the: Comal County Courthouse, 199 Main Plaza, New Braunfels, Texas 78130.

## IX.

This contract is made and is to be interpreted under the laws of the State of Texas. In the event that any provision(s) of this contract shall for any reason be held invalid or unenforceable, the invalidity or unenforceability of that provision(s) shall not affect any other provision(s) of this contract, and it shall further be construed as if the invalid or unenforceable provision(s) had never been a part of this contract.

## X.

In consideration of the terms and compensation herein stated, MVBA hereby accepts said employment and undertakes performance of said Amended Contract as set forth above.

The County has authorized by order heretofore passed and duly recorded in its minutes the chief executive officer to execute this Amended Contract.

This Amended Contract may be executed in any number of counterparts, and each counterpart shall be deemed an original for all purposes. Signed facsimiles shall be binding and enforceable.

WITNESS the signatures of all parties hereto this, the 25th day of ___March___, A.D. 2004.

**COMAL COUNTY, TEXAS**

_Danny Scheel_

Danny Scheel, County Judge

**McCREARY, VESELKA, BRAGG & ALLEN, P.C.**

_Gilbert T. Bragg_

Gilbert T. Bragg, Attorney at Law

*Amended Contract for the Collection of Fines & Fees - Page 3 of 3*

# CONTRACT FOR THE COLLECTION OF
# DELINQUENT PROPERTY TAXES

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF COMAL | § |

THIS CONTRACT is made and entered into by and between the **THE COUNTY OF COMAL, TEXAS (The County)**, acting herein by and through the Commissioners' Court, and **McCreary, Veselka, Bragg & Allen, P.C. (The Firm)**, 5929 Balcones Drive, Suite 200, P. O. Box 26990, Austin, Texas 78755.

## I.

    **The County** agrees to employ and does hereby employ **The Firm** to enforce by litigation or otherwise the collection of all delinquent property taxes, penalty and interest owing to **The County** and all the other taxing units, including The State of Texas, for which **The County** collects property taxes during the term of this Contract.  Current year taxes which become delinquent within the period of this Contract shall become subject to the terms of the Contract upon the following conditions:

    A.  Taxes that become delinquent during the term of this Contract, that are not delinquent for any prior year, become subject to the terms of this Contract on July 1st of the year in which they become delinquent.

    B.  Taxes that become delinquent during the term of this Contract, on property that is delinquent for any prior year and is the subject of a suit to collect the prior year(s) delinquent taxes, shall become subject to its terms on the first day of delinquency as defined by the Texas Property Tax Code.

## II.

    **The County** agrees to furnish all necessary delinquent tax information to **The Firm** on all property within the boundaries of **The County** and all the other taxing units for which **The County** collects property taxes.  **The County** hereby authorizes **The Firm** to determine the name, identity and location of necessary parties and to procure necessary legal descriptions of property and hereby assigns to **The Firm** the right to recover the costs of obtaining such information.

## III.

    **The Firm** is to advise **The County** of errors, double assessments or other discrepancies coming under observation during the progress of the work.

IV.

The Firm is to intervene on behalf of The County and all other taxing units for which The County collects property taxes in all suits for ad valorem taxes hereafter filed by any other taxing unit on property located within its boundaries.

V.

The Firm shall make written delinquent tax collection progress reports to The County on request.

VI.

The County agrees to pay The Firm, for services rendered, Fifteen Percent (15%) of all delinquent taxes, penalty and interest collected by The Comal County Tax Office for The County and all the other taxing units for which The County collects during the term of this Contract. The penalty imposed pursuant to Section 33.07 of the Texas Property Tax Code is not subject to this contractual fee. The County does hereby adopt the additional penalty provided by Section 33.07 of the Texas Property Tax Code. All fees provided for in this Contract shall become the property of The Firm at the time payment of taxes, penalty and interest is made to The County. The County shall pay fees due The Firm monthly by check.

VII.

This Contract is effective for an initial period beginning April 1, 2004, and ending March 31, 2005. Thereafter, this Contract shall continue in full force and effect on the same terms and conditions from year to year for additional twelve month periods beginning April 1st and ending March 31st until this Contract is terminated by either The Firm or The County delivering written notice of termination to the other party at least thirty (30) days prior to March 31st of any additional twelve (12) month period. Upon termination of this Contract, The Firm shall have an additional six (6) months to reduce to judgment and sale all tax collection lawsuits filed, and collect all bankruptcy claims filed prior to the termination date and shall have the exclusive right to compensation of fees earned due to these suits and bankruptcy claims during this six (6) month period.

VIII.

This Contract is executed on behalf of **The County** by the County Judge who is authorized to execute this Contract by order heretofore passed by the Commissioners' Court and duly recorded in its minutes.  In consideration of the terms and compensation herein stated, **The Firm** hereby accepts said employment and undertakes the performance of this Contract as above written.

WITNESS the signatures of all parties hereto in duplicate originals this the 25 th day of March, A.D. 2004, COMAL County, Texas, to be effective as of April 1, 2004.


**THE COUNTY OF COMAL, TEXAS**

BY _____

Danny Scheel, County Judge


**McCREARY, VESELKA, BRAGG AND ALLEN, P.C.**
Attorneys at Law
5929 Balcones Drive, Suite 200
P. O. Box 26990
Austin, Texas  78755-0990

BY _____

SECOND OPEN RECORDS REQUEST

OPEN RECORDS REQUEST

To:     The Honorable Cathy Talbott,
        Comal County, Texas

HAND DELIVERED:  April 18, 2018p

        Please provide copies of any and all written contracts (and memorandum of contract) and pertinent resolutions between Comal County, Texas government and/or its Board of County Commissioners and Gilbert Bragg, Esq. and/or the Law Firm of McCreary, Veselka, Bragg and Allen, P. C. or derivative lawyers and firms therefrom, and any and all other written contracts and resolutions entered into between Comal County, Texas government and/or its Board of County Commissioners and Gilbert Bragg, Esq., and/or the Law firm of McCreary, Veselka, Bragg and Allen, P. C. or derivative lawyers and firms therefrom.

        This Request is made pursuant to the Texas Open Records Act (also known as the Texas Public Information Act) and any and all other pertinent Texas statutes.

April 18, 2018

Daniel J. Post
22016 Deer Canyon Drive
Garden Ridge, Texas  78266
210.844.8025

Executed in Duplicate Originals (2)

RECEIVED
APR 1 8 2018
COMAL COUNTY
TAX OFFICE

**Tiffany N. Leal**
**Chief Civil Prosecutor**

**Sammy M. McCrary**
**Chief Felony Prosecutor**

**Clayten H. Hearrell**
**Chief Misdemeanor**
**Prosecutor**



**Assistant District Attorneys**
**Allison Buess**
**Lauren Cole**
**Jessica Devaney**
**Shelby Griffin**
**Robyn Katz**
**Lance Kennedy**
**Kiera Kilday**
**Alli Assiter**
**Rose Latham**
**Daniel Palmitier**
**Joshua D. Presley**
**Tillman Roots**
**Holly Weatherford**
**Abigail Whitaker**

### JENNIFER THARP
**Comal County Criminal District Attorney**

April 27, 2018

**Via Email (*with attachments*):**
Mr. Daniel Post
bestlawyer.mac.com

> **Re:** Open Records request pertaining to any and all written contracts between Comal County,
> Texas and the Law Firm of McCreary, Veselka, Bragg and Allen, P.C.
> CDA File#: **180R-049**

Dear Mr. Post:

Our office, the Comal County Criminal District Attorney's Office (hereinafter referred to as "CDA") prosecutes criminal cases for the County of Comal, provides legal representation for civil matters pertaining to Comal County, and represents Comal County elected officials and employees in their official capacity, including the Comal County Tax Assessor Collector and Comal County Purchasing Department. On April 18, 2018, the Comal County Tax Office received a second request for information.

On April 9, 2018, the CDA responded to a request submitted to the Comal County Purchasing Department on April 5, 2018. The responsive information was emailed to: bestlawyer.mac.com. A delivery receipt with the afore mentioned responsive information was received on the same date.

However, the information provided to you on April 9, 2018 did not contain the original Contract for Collection of Court Fines and Fees Assessed by the District, County and Justice Courts of Comal County or Resolution 2002-29. These documents were part of the Commissioners Court minutes. This was an oversight on my part with the collection of the documents per your request. Attached please find all information responsive to your requests. This request is now considered closed.

Sincerely,

Stephanie Walker
Legal Assistant, Civil Division

Attachments

#17

**FILE COPY**
**DO NOT REMOVE**

<u>CONTRACT FOR THE COLLECTION OF</u>
<u>DELINQUENT TAXES</u>

THE STATE OF TEXAS                              §
                                               §
                                               §
COUNTY OF COMAL                                §

      THIS CONTRACT is made and entered into by and between the County of Comal, acting herein by and through its governing body, and McCreary, Veselka, Beck and Allen, P.C. (The Firm), Gate Way Center, 5929 Balcones Drive, P.O. Box 26990, Austin, Texas, 78755.

I.

      The County of Comal agrees to employ and does hereby employ The Firm to enforce by suit or otherwise the collection of all delinquent taxes, penalty and interest owing to the County of Comal.  Current year taxes which become delinquent within the period of this contract shall become subject to the terms of the contract upon the following conditions:

      A.  Taxes that become delinquent during the term of this contract, that are not delinquent for any prior years, become subject to the terms of this contract on July 1st of the year in which they became delinquent.

      B.  Taxes that become delinquent during the term of this contract, on property that is delinquent for prior years, shall become subject to its terms on the first day of delinquency as defined by the State Property Tax Code.

II.

      The County of Comal agrees to furnish all necessary delinquent tax information to The Firm on all property within the taxing unit.

III.

      The Firm is to advise the Collector or other officials of errors, double assessments or other discrepancies coming under observation during the progress of the work.

IV.

      The Firm is to intervene on behalf of the County of Comal in all suits for ad valorem taxes hereafter filed by any other taxing unit on property located within its corporate limits.

V.

      The Firm agrees to file suit and reduce to Judgment and Sale the vacant and uninhabited property located within the taxing unit provided the County of Comal furnishes run sheets showing the necessary data and information as to the name, identity, and location of the necessary parties, and legal description of the property to be sold.  The Firm agrees to sue for recovery of the costs as court costs provided by Section 33.48 of the Property Tax Code of Texas.

VI.

      The Firm agrees to make delinquent tax collection progress reports to the County of Comal on request.

# McCREARY, VESELKA, BECK & ALLEN, P.C.
### ATTORNEYS AT LAW
P.O. BOX 26990
AUSTIN TEXAS 78755-0990

JACK McCREARY
SHELBURNE J. VESELKA
J ELLIOTT BECK
HARVEY M. ALLEN
PHILIP J. TYLER
GILBERT T. BRAGG
OF COUNSEL
ROBERT M. HUEY

November 2, 1984

GATE WAY CENTER
5929 BALCONES DRIVE
SUITE 200
AUSTIN  TEXAS 78731-4207
AREA CODE 512
451 9666

Honorable Fred R. Clark
Comal County Courthouse
New Braunfels, Texas 78130

Dear Judge Clark:

We wish to provide you with a copy of the Delinquent Tax Progress Report pertaining to the work accomplished during our present Delinquent Tax Contract with the County of Comal.

We continue to expand our delinquent tax program by providing additional capabilities on our Wang VS Computer System. Our ability to accommodate any form of data input and to integrate word and data processing functions greatly enhances the production of letters, suits and judgments. While continuing to provide legal opinions on ad valorem tax matters, we have also provided computerized delinquent tax rolls to our clients who desire this record. Both of these services are at no additional fee.

I call your attention to the change in paragraph VII. regarding the term of the contract. This provision in the contract will allow the jurisdiction to have more flexibility in reviewing the progress of the delinquent tax program and does not bind the jurisdiction to a fixed contract period. If this change does not meet with the approval of you and the Board, please let us know and we will be happy to submit a contract with a fixed term.

With the abolition of the State Ad Valorem tax, we are no longer required to submit our contracts to the State Property Tax Board and the Attorney General for approval. After the affirmative vote by the Commissioners Court, your signature is required on the contract.

We feel that our office can provide the most modern legal ad valorem tax assistance available and look forward to our continued association. Progress Reports and renewal contracts have been forwarded to Ms. Gloria Clennan, requesting she coordinate with you the presentation of these to the Board at their next meeting. Thank you for the opportunity to represent the County of Comal and please advise if you have any questions.

Sincerely,

Jack McCreary

JHM:LJM:smo
Enclosure

RECEIVED
NOV  5  1984

COMAL COUNTY
CO.... .... .. COURT
AD ....... . OFFICE

*expires 5/84*

STATE OF TEXAS

COMAL COUNTY

RESOLUTION TO ENGAGE COUNSEL FOR COLLECTION OF DELINQUENT TAXES AND ASSESSING 15% SURCHARGE FOR COLLECTION OF TAXES.

WHEREAS, Sec. 33.07 of the Property Tax Code provides that a penalty of not more than 15% of the tax, penalty and interest may be added to such tax, penalty and interest on delinquent taxes after July 1 of the year in which they become delinquent when a tax unit has retained a private attorney for the collection of delinquent taxes and,

WHEREAS, in order to defray the cost of attorney's fees for the collection of such delinquent taxes, it is to the advantage of the taxpayers in this political subdivision to adopt the provisions of Sec. 33.07 of the Property Tax Code.

NOW THEREFORE BE IT RESOLVED on this __9th__ day of ____May____, __1983_, in a meeting of Commissioners's Court, of Comal County, Texas, duly convened and acting in its capacity as governing body of Comal County, that said County does hereby resolve that it does intend to hire outside counsel to collect delinquent taxes and that said County shall have said counsel request the Court to charge 15% of the back taxes as payment for costs of bringing suit and additionally shall assess all delinquent taxpayers 15% of back taxes due, and owing as costs of collections.

PASSED AND APPROVED on this the __9th__ day of ____May____, __1983_.          *one year*

FRED CLARK - County Judge

Commissioner Precinct #1          Commissioner Precinct #2

Commissioner Precinct #3          Commissioner #4

ATTEST:

County Clerk

OPEN RECORDS REQUEST

TO

COMAL COUNTY COMMISSIONERS COURT JUDGE

SHERMAN KRAUSE

OPEN RECORDS REQUEST

To:   The Honorable Sherman Krause, Judge
      The Comal County Commissioners Court
      100 Main Plaza
      New Braunfels, Texas  78130,

HAND DELIVERED:  May 7, 2018

Please provide copies of any and all payments for the years 1992 to the present inclusive made to or from and between Comal County, Texas government and/or its Board of County Commissioners and Gilbert Bragg, Esq. and/or the Law Firm of McCreary, Veselka, Bragg and Allen, P. C. or derivative lawyers and firms therefrom, and any and all other written contracts and resolutions entered into between Comal County, Texas government and/or its Board of County Commissioners and Gilbert Bragg, Esq., and/or the Law firm of McCreary, Veselka, Bragg and Allen, P. C. or derivative lawyers and firms therefrom.

This Request is made pursuant to the Texas Open Records Act (also known as the Texas Public Information Act) and any and all other pertinent Texas statutes.

May 7, 2018

Daniel J. Post
22016 Deer Canyon Drive
Garden Ridge, Texas  78266
210.844.8025

Executed in Duplicate Originals (2)

RECEIVED
MAY 0 7 REC'D
By_____

COMAL COUNTY

PURCHASING POLICY AND PROCEDURES MANUAL
(EXCERPT)

Comal County Purchasing Policy and Procedures Manual

# Purchasing Policy and Procedures
## Table of Contents

| Section | Title | Page |
|---------|-------|------|
| Chapter 1 | Introduction | 3 |
| Chapter 2 | Code of Ethics | 6 |
| Chapter 3 | Purchasing Authority and Policy | 8 |
| Chapter 4 | Purchasing Director Authority and Responsibilities | 10 |
| Chapter 5 | Requisition Process | 12 |
| Chapter 6 | Procedures for Purchases Under $50,000 | 16 |
| Chapter 7 | Competitive Solicited Purchases Over $50,000 | 19 |
| Chapter 8 | Cooperative Purchasing Agreements | 27 |
| Chapter 9 | State Contract Purchases | 29 |
| Chapter 10 | Proposals for Insurance & High Technology Items | 32 |
| Chapter 11 | Procurement of Professional Services | 35 |
| Chapter 12 | Construction Procurement | 37 |
| Chapter 13 | Exemptions to the Competitive Bidding Process | 41 |
| Chapter 14 | Renewal of Equipment Leases and Maintenance Contracts | 44 |
| Chapter 15 | Receipt of Goods | 46 |
| Chapter 16 | Procurement Card Procedures | 48 |
| Chapter 17 | Comal County Historically Underutilized Business (HUB) Policy | 53 |
| Chapter 18 | Disposition of Salvage and Surplus Property | 58 |
| Exhibit A | Definition of Terms | |
| Exhibit B | Procurement Methods Quick Reference Guide | |
| Exhibit C | Users Do's & Don'ts | |
| Exhibit D | Comal County Cardholder User Agreement | |

## ███████ INTRODUCTION

To: Elected Officials, Department Heads, and County Employees

This manual contains the authorized policy and procedures for purchasing and asset management by County officials and employees.

County purchasing procedures are governed by Texas statutes; and these statutes, including interpretations of them made by Texas courts, are the ultimate authority on the validity of purchasing procedures. Because the procedures described in this manual are based on state law, this manual, in many instances, contains language taken directly from the statutes, and paraphrases of and broad generalizations about Texas statutory law which have been included where appropriate to assist in applying the law to routine situations. This manual cannot address every situation; and when an unusual situation occurs or a difficult legal or factual problem arises, the exact statutory language must be reviewed and analyzed. In every situation, the final authority for county purchasing is the law itself.

It is the intent of the Purchasing Office to promote the County's reputation for courtesy, fairness and impartiality. The responsibility for achieving this goal rests with each individual who participates in the procurement process. This includes the offices/departments, the vendors, as well as the purchasing personnel.

The mission of the Comal County Purchasing Office is to:

- Ensure compliance with the Purchasing Act, as well as other state and federal laws applying to county purchasing;

- Provide fair and equal access to all vendors participating through competitive acquisition of goods and services;

- Provide an ongoing supply of quality goods and services to all County offices;

- Account for all County assets through an effective fixed asset management system; and

- Protect the interests of Comal County taxpayers without regard to any undue influence or political pressures.

Public purchasing has several goals including:

- purchasing the proper goods and services;

- obtaining the best possible price and value for the goods/services, without sacrificing the quality needed;

- ensuring goods and services are available where and when needed, and that a continuing supply is available; and

- guarding against the misappropriation of assets that have been acquired through the procurement process.

Comal County Purchasing Policy and Procedures Manual

Public purchasing must also ensure:

- **Responsible bidders are given a fair opportunity to compete for the County's business.** This can be accomplished by compliance with statutory requirements regarding competitive bids and proposals, and by the County's Purchasing Policy.

- **Public funds are safeguarded**. Although the Purchasing Office does not usually designate the types of purchases to be made, it is tasked to see that the best value is received for the public dollar.

- **Public spending is not used to enrich Elected Officials or County employees, or to confer favors**. Adoption and implementation of a Code of Ethics and employee training and awareness of their responsibilities in the public purchasing area accomplish this.

Centralized purchasing is the method of organization and procedures, whereby all purchasing is concentrated in a single agency or department. Comal County Commissioners Court has adopted a centralized purchasing function that provides the following benefits:

- Contracting for goods and services for all offices/departments;

- Allows for consolidation of purchases by individual offices/departments into larger purchases, resulting in lower unit prices and cost savings;

- Vendors and the business community have a single, central link to the county procurement process to facilitate consistent communication and understanding, which eliminates confusion of suppliers relating to the responsibility of County purchases;

- Purchasing Office personnel accumulate a solid foundation of knowledge and experience about purchasing, marketing trends, prices, and vendors. This expertise assists users in better defining their needs to save the county money and promotes a more efficient procurement process; and

- Centralized expertise puts the purchasing processes on a professional footing and inspires public confidence in the actions of the County.

In addition to the above, the Purchasing Office is responsible for supervising all bids, management of procurement related contracts, inter-local purchasing agreements and cooperative purchasing agreements, fixed assets, disposition of seized and abandoned property, and the auction of surplus and salvaged property.

The Purchasing Office is committed to promoting effective, professional and consistent procurement in Comal County, as well as championing the public perception that tax dollars are wisely spent.

The organizational chart of the Purchasing Office is attached.


Ramona Womack, CPPO, CPPB
Purchasing Director

4